UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COLLIN DAHL, et al.,

                Plaintiffs,

      v.                                                    Case No. 18-CV-1526

BARBARA J. KELLER, et al.,

                Defendants.

---

## DECISION AND ORDER ON THE DEFENDANTS' MOTIONS TO DISMISS

---

**1. Background**

A small single-engine aircraft crashed on September 18, 2016, in Door County, Wisconsin. Killed in the crash were the pilot, Ralph L. Keller, and a passenger, sixteen-year-old Olivia Dahl. Olivia's estate and her parents, Collin and Jennifer Dahl, initiated this lawsuit in Milwaukee County Circuit Court. The defendants timely removed it to federal court. Two of the defendants, Barbara J. Keller, who is the widow of the pilot, and a trust she controls, The Barbara J. Keller Trust, have moved to dismiss the plaintiffs' amended complaint.

**2. Motion to Dismiss Under Rule 12(b)(2)**

Barbara argues that she lacks sufficient contacts with Wisconsin to subject her to the state's personal jurisdiction. She contends that, contrary to what is alleged in the complaint, she is domiciled in Illinois, not Wisconsin—a fact about which there is no dispute. The court addressed this fact previously as part of its inquiry into whether complete diversity of citizenship existed. (ECF No. 49.) If Barbara were domiciled in Wisconsin, as the amended complaint alleges, complete diversity of citizenship would not exist and the court would lack subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1). But while domicile is determinative of citizenship for diversity purposes, personal jurisdiction may be established through means other than domicile.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Thus, this court looks first to Wisconsin's long-arm statute to determine whether it has personal jurisdiction over a defendant. *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012); *see also Steel Warehouse v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) ("A federal district court exercising diversity jurisdiction has personal jurisdiction over a nonresident only if a court of the state in which it sits would have such jurisdiction."). Wisconsin courts employ a two-step inquiry when determining whether personal jurisdiction may be exercised over a nonresident defendant. The first step is to determine whether the defendant meets the criteria for personal jurisdiction under the

Wisconsin long-arm statute. *Kopke v. A. Hartrodt S.R.L.*, 245 Wis.2d 396, 409, 629 N.W.2d 662 (2001). If the requirements of the long-arm statute are satisfied, then the court must consider whether the exercise of jurisdiction comports with due process requirements. *Id.* Plaintiff bears the burden of establishing personal jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

A person is subject to personal jurisdiction in Wisconsin if she "[i]s engaged in substantial and not isolated activities within this state …." Wis. Stat. § 801.05(1)(d). Stated another way, a person is subject to personal jurisdiction in Wisconsin if she "takes up local presence or status within the state." *Rasmussen v. GMC*, 2011 WI 52, ¶18, 335 Wis. 2d 1, 803 N.W.2d 623 (internal quotation marks omitted). Factors courts consider are "the quantity of the contacts, the nature and quality of those contacts, the source and connection of the contacts to the claim made, the interest of Wisconsin in the action and the convenience of the parties." *Id.* at ¶19. Although due process may independently limit the reach of Wisconsin's long-arm statute, the statutory and constitutional analyses are intertwined in that Wisconsin's statute is intended "to provide for the exercise of jurisdiction over nonresident defendants to the full extent consistent with the requisites of due process of law." *Id.* at ¶20 (internal quotation marks omitted).

As stated above, Barbara's sole argument in support of her contention that she is not subject to personal jurisdiction in Wisconsin is that she is not domiciled here. But,

again, simply because she is not domiciled in Wisconsin does not mean she is not subject to personal jurisdiction in Wisconsin.

The plaintiffs argue that, because Barbara owns a vacation home in Wisconsin, she is subject to Wisconsin's personal jurisdiction. But that, by itself, does not establish that the court has personal jurisdiction over Barbara or the trust. *Rush v. Savchuk*, 444 U.S. 320, 328 (1980) ("We held in *Shaffer*[ *v. Heitner*, 433 U.S. 186, 208-09 (1977),] that the mere presence of property in a State does not establish a sufficient relationship between the owner of the property and the State to support the exercise of jurisdiction over an unrelated cause of action.") "The ownership of property in the State is a contact between the defendant and the forum, and it may suggest the presence of other ties. Jurisdiction is lacking, however, unless there are sufficient contacts to satisfy the fairness standard of *International Shoe*." *Rush*, 444 U.S. at 328.

Recognizing that the ownership of a home in Wisconsin may suggest additional contacts, the plaintiffs ask to pursue discovery regarding Barbara's contacts with Wisconsin in the event the court finds mere property ownership insufficient. (ECF No. 81 at 4.) Barbara does not address this issue in reply.

"If a defendant files a motion to dismiss for lack of personal jurisdiction, a plaintiff 'is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" *Bancoult v. McNamara*, 214 F.R.D. 5, 10 (D.D.C. 2003) (quoting *El-Fadl v. Cent. Bank of Jordan*, 316 U.S.

4

App. D.C. 86, 75 F.3d 668, 676 (D.C. Cir. 1996)); *see also Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998). However, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *see also In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 873 (N.D. Ill. 2015); *Bancoult*, 214 F.R.D. at 10.

As the Court noted in *Rush*, the ownership of property in a state may suggest the existence of other contacts. Therefore, under the facts presented, ordinarily it would be appropriate to deny without prejudice the motion to dismiss and grant the plaintiffs' request to pursue discovery limited to the question of whether the court has personal jurisdiction over Barbara and the trust she controls. However, discovery related to Barbara's contacts with Wisconsin is necessary only if the amended complaint alleges a plausible claim against Barbara and her trust. Because Barbara and her trust separately move to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim, the court turns to the question of whether the plaintiffs have adequately alleged a cause of action against these defendants.

3. **Motion to Dismiss Under Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

The amended complaint does not explicitly denote any cause of action against any particular defendant. Anyone reading the amended complaint is left to speculate as to the nature of the claims the plaintiffs are alleging against the defendants. Nonetheless, the court understands the plaintiffs to be alleging claims of negligence against Ralph Keller, the pilot, and WCF Holdings, Inc., who leased the plane. (ECF No. 51 at ¶¶ 15, 17, 18, 22.) The plaintiffs also suggest that Keller Aviation, LLC, and WCF are liable by way of respondeat superior for Ralph Keller's negligence. (ECF No. 51, ¶¶ 20, 21.) The amended complaint further alleges a direct action against these defendants' insurer, Endurance American Insurance Company. (ECF No. 51, ¶ 6.)

But the nature of any claims against Barbara Keller and her trust is significantly more oblique. However, now aided by the explanations contained in the plaintiffs' brief in response to the motion to dismiss, the court is able to make better sense of the plaintiffs' allegations.

Although the plaintiffs "demand[] judgment against the Defendants, jointly and severally" (ECF No. 51 at 7), the amended complaint contains no allegation that Barbara Keller or her trust were negligent in any way with respect to the plane crash. Thus, it is unclear on what basis Barbara and her trust could plausibly be found jointly and severally liable for the injuries sustained by the plaintiffs. In fact, in response to the motion to dismiss, the plaintiffs do not allege Barbara and her trust were negligent, nor do they argue that they may be jointly and severally liable. Nor are the plaintiffs attempting to hold Barbara liable for her husband's negligence; such a claim would be barred under Wisconsin law, Wis. Stat. § 766.55(2)(cm).

Rather, the plaintiffs contend that the amended complaint sets forth two claims against Barbara and her trust: constructive trust and money had and received. The amended complaint never uses these terms, nor does it refer to the elements of such claims. Nonetheless, the plaintiffs argue the following paragraph supports their claims:

> Upon information and belief, after the death of Ralph Keller on September 18, 2016 WCF Holdings, Inc., Keller Aviation, LLC., Barbara Keller and/or The Barbara Keller Trust have been the beneficiaries of and received assets belonging to Ralph L. Keller before his death on September 18, 2016 without paying a reasonably equivalent value in exchange during the time when the assets of Ralph L. Keller were not sufficient to pay the debts he created prior to his death, including, but not limited to, his liability to Olivia Dahl for her severe emotional distress before the crash on September 18, 2016.

(ECF No. 51, ¶ 24.)

### 3.1. Constructive Trust

Setting aside the question of whether a constructive trust is a claim or is merely a remedy, *see Tikalsky v. Stevens*, 2018 WI App 39, 382 Wis. 2d 830, 917 N.W.2d 232, 2018 Wisc. App. LEXIS 520 (unpublished); *see also Watts v. Watts*, 137 Wis. 2d 506, 533-34, 405 N.W.2d 303, 315 (1987), the plaintiffs' assertion of a constructive trust is easily resolved. "To state a claim on the theory of constructive trust the complaint must state facts sufficient to show (1) unjust enrichment and (2) abuse of a confidential relationship or some other form of unconscionable conduct." *Watts*, 137 Wis. 2d at 533-34, 405 N.W.2d at 315; *see also Ross v. Specialty Risk Consultants*, 2000 WI App 258, 240 Wis. 2d 23, 34, 621 N.W.2d 669, 676 (citing *Wilharms v. Wilharms*, 93 Wis. 2d 671, 678-79, 287 N.W.2d 779 (1980)); *Capitol Indem. Corp. v. Reasbeck*, 166 Wis. 2d 332, 339, 479 N.W.2d 247, 250 (Ct. App. 1991).

The amended complaint does not allege that it was through unconscionable conduct that Barbara or her trust received property from Ralph Keller following his death. In fact, the amended complaint offers no suggestion as to how Barbara and her trust might have received any property from Ralph Keller. But innocent means for coming into possession of Ralph's property—for example, as a result of the termination of marital property or joint tenancy interests—are readily recognizable. Having failed to allege that Barbara and the trust obtained assets through unconscionable conduct, the plaintiffs' constructive trust claim as to Barbara Keller and her trust is subject to dismissal.

**3.2. Money Had and Received**

Whether specific property can be used to pay obligations a decedent incurred prior to his death is ordinarily a matter of statute. *See generally* Wis. Stat. ch. 859.[1] For example, although a torfeasor spouse's interest in marital property generally may be used to satisfy a tort liability, *see* Wis. Stat. § 766.55(2)(cm), should the tortfeasor spouse die "[s]urvivorship marital property … is not available to satisfy the obligation of the deceased tortfeasor spouse." *Wonka v. Cari*, 2001 WI App 274, 249 Wis. 2d 23, 28, 637 N.W.2d 92, 95 (citing Wis. Stat. § 859.18(4)(a)); *see also* Wis. Stat. § 859.18(4)(a)2 (exempting "[j]oint tenancy property in which the decedent spouse was a tenant …); *Berg v. Garves (In re Estate of Berg)*, 2012 WI App 27, ¶¶ 9-14, 339 Wis. 2d 491, 809 N.W.2d 901 (unpublished). However, the defendants do not move to dismiss on this basis. Thus, the court will not consider this subject further.

Rather, the defendants offer a terse assertion that a claim of money had and received does not include claims sounding in tort. (ECF No. 85 at 5 (quoting *Cleansoils Wisconsin, Inc. v. State of Wisconsin Department of Transportation*, 229 Wis. 2d 600 (Ct. App. 1999)). However, the plaintiffs' claims against Barbara Keller and her trust do not sound in tort. The amended complaint asserts a claim against Barbara and her trust not because of any alleged negligence on their part toward the plaintiffs but because,

---

[1] Given that Ralph Keller's estate is being administered in Illinois, it is unclear whether Wisconsin law would govern such questions. However, the defendants rely on Wisconsin law, and in the absence of any dispute a federal court will apply the substantive law of the state in which it sits. *Mass. Bay Ins. Co. v. Vic Koenig Leasing*, 136 F.3d 1116, 1120 (7th Cir. 1998).

following Ralph's death, they came to possess assets that the plaintiffs allege otherwise would have been available to satisfy liabilities to the plaintiffs that Ralph incurred during his life.

Distilled to its basic terms (and setting aside questions as to whether such a claim is consistent with Wisconsin law that otherwise controls the availability of a decedent's property to satisfy obligations incurred during his life), these facts would seem to fit within a claim for money had and received. "An action for money had and received is maintainable whenever the defendant receives money which, in equity and good conscience, he ought to pay to the plaintiff." *Wells v. Am. Express Co.*, 49 Wis. 224, 229-30, 5 N.W. 333, 335 (1880); *see also Glendale Invest Ass'n v. Harvey Land Co.*, 114 Wis. 408, 414, 90 N.W. 456, 458 (1902) ("An action for money had and received is maintainable wherever the money of one man has, without consideration, got into the pocket of another.") (quoting *Hudson v. Robinson*, 4 Maule & S. 478). The action is "employed as a remedy to prevent the unjust enrichment of one at the expense of another or to prevent one from retaining a benefit conferred upon him by another which would be, under all of the circumstances of the case, unjust or inequitable." *Richland Cty. Bank v. Joint Sch. Dist.*, 213 Wis. 178, 184, 250 N.W. 407, 409 (1933). "The purpose of such an action is not to recover damages, but to make the party disgorge, and the recovery must necessarily be limited by the party's enrichment from the alleged transaction." *Glendale Invest Ass'n*

*v. Harvey Land Co.*, 114 Wis. 408, 413, 90 N.W. 456, 457 (1902) (quoting *Ltd. Inv. Ass'n v. Glendale Inv. Ass'n*, 99 Wis. 54, 74 N.W. 633 (1898)).

Having developed no further argument, the defendants fail in their burden to show that there are no plausible means by which the plaintiffs may prevail on this claim. *See Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990). Consequently, the court finds that the plaintiffs have (barely) alleged a plausible claim against Barbara Keller and her trust such that it is appropriate to permit discovery as to whether she has sufficient contacts with Wisconsin to be subject to personal jurisdiction in the state.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is **denied without prejudice**. The plaintiffs may undertake discovery relevant to the existence of personal jurisdiction over Barbara Keller and her trust. Unless otherwise agreed to by the parties, any discovery shall be limited to matters relevant to personal jurisdiction and shall be completed no later than **60 days after the date of this order**. The defendants may file a renewed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) not later than **28 days thereafter**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **held in abeyance** pending resolution of the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). The motion is terminated for administrative purposes.

**IT IS FURTHER ORDERED** that the defendants' motion to stay discovery (ECF No. 69) is **dismissed as moot**.

**IT IS FURTHER ORDERED** that the parties' joint motion to dismiss W. Brown & Associates Insurances Services as a defendant (ECF No. 80) is **granted**.

Dated at Milwaukee, Wisconsin this 20th day of May, 2019.

_WILLIAM E. DUFFIN_
WILLIAM E. DUFFIN
U.S. Magistrate Judge